ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 16, 2009

The Honorable Joe Black
Harrison County Criminal District Attorney
Post Office Box 776
Marshall, Texas 75671-0776

Opinion No. GA-0728

Re: Whether a judge of a statutory county court, the jurisdiction of which is limited to misdemeanor cases, is among the group of judges described in section 76.002 of the Government Code
(RQ-0782-GA)

Dear Mr. Black:

You ask whether

> a judge of a County Court at Law the jurisdiction of which is limited to misdemeanors, [is] as a matter of law among those, " . . . statutory county court judges trying criminal cases in the county or counties served by the judicial district . . .", as stated in § 76.002, Government Code, and thus one of, "the judges described in § 76.002[.]"[1]

You explain that Harrison County (the "county") has one district court judge and one statutory county court judge. *See* Request Letter at 1; *see also* TEX. GOV'T CODE ANN. §§ 24.173(a) ("The 71st Judicial District is composed of Harrison County."), 25.1041 ("Harrison County has one statutory county court, the County Court at Law of Harrison County.") (Vernon 2004). You tell us that the jurisdiction of the county court at law "is limited to that of county courts, meaning, for our purposes, Class 'B' and 'A' misdemeanors." Request Letter at 1 (citing Texas Government Code sections 25.0003–.0004).

The focus of your inquiry is Government Code section 76.002. TEX. GOV'T CODE ANN. § 76.002(a) (Vernon Supp. 2008). It provides, in relevant part, that

> [t]he district judge or district judges trying criminal cases in each judicial district and the *statutory county court judges trying criminal cases* in the county or counties served by the judicial district shall:

---

[1]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

>           (1) establish a community supervision and corrections
> department; and
>
>           (2) approve the department's budget and community justice
> plan.

*Id.* (emphasis added). Specifically, you seek to understand whether the judge of a county court at law with jurisdiction over only misdemeanor cases, rather than felony or felony and misdemeanor cases, falls within the group of judges described in Government Code section 76.002(a). *See* Request Letter at 1–2.

Your question requires us to construe section 76.002(a). When construing a statute, the objective is to determine and give effect to the Legislature's intent, which is determined first by examining the language of the statute. *See Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). A court will apply the "definitions prescribed by the Legislature and any technical or particular meaning the words have acquired." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008) (citing Government Code section 311.011(b)). Otherwise, the statutory words will be construed according to their plain and common meaning, unless a contrary intent is apparent from the context in which the words are used or it leads to absurd results. *See id.* at 625–26. A court may also consider legislative history in construing a statute. *See id.* at 626 n.6 (citing Government Code section 311.023(3)).

In order for a county court at law judge to be included in the group of judges described in section 76.002(a), the judge must (1) preside over a "statutory county court" and (2) "try[] criminal cases in the county or counties served by the judicial district." TEX. GOV'T CODE ANN. § 76.002(a) (Vernon Supp. 2008). A "statutory county court" is defined, for purposes of section 76.002, as "a county court created by the legislature under Article V, Section 1, of the Texas Constitution." TEX. GOV'T CODE ANN. § 21.009(2) (Vernon 2004) (defining terms in title 2 of the Government Code); Tex. Att'y Gen. Op. No. JC-0452 (2002) at 2.

Chapter 76 does not define the phrase "trying criminal cases" and we find no other relevant statutory or common-law definition. This office, in a 2005 attorney general opinion, examined the meaning of the phrase "district judges trying criminal cases" under section 76.002(a). *See generally* Tex. Att'y Gen. Op. No. GA-0357 (2005). Considering the phrase in the context of chapter 76,[2] that opinion concluded that "'trying criminal cases' must refer to criminal cases that involve the programs created in chapter 76 such that a judge would have an interest in" the department established under section 76.002. *Id.* at 4. As evidenced by your Request Letter, a statutory county court judge with only misdemeanor jurisdiction may make decisions that involve chapter 76

---

[2]The opinion addresses the difference between the phrase "trying criminal cases" as used in section 76.002(a) and a court "exercising criminal jurisdiction," as used in other sections of chapter 76, such as section 76.003(b)(6). *See* Tex. Att'y Gen. Op. No. GA-0357 (2005) at 4, 6 (explaining "the legislature intended some meaning for 'trying criminal cases' that is more narrow than criminal jurisdiction" and concluding that a judge trying criminal cases is one that, in examining a criminal issue, makes a decision that would involve a chapter 76 program or facility).

programs. *See* Request Letter at 4 (explaining that, in 2008, the County Court at Law of Harrison County "ordered 266 defendants be placed under the supervision of the Harrison County" Community Supervision and Corrections Department and used various programs of the Department); *see also, e.g.*, TEX. GOV'T CODE ANN. § 51.702(b) (Vernon Supp. 2008) (authorizing statutory county courts to charge court costs in cases including those "in which probation or deferred adjudication is granted"). In examining the phrase "criminal case" further, we observe that a misdemeanor is, by definition, a criminal offense and the ordinary meaning of the terms "criminal" and "case" are broad and encompass misdemeanors. *See* TEX. PENAL CODE ANN. § 1.07(31) (Vernon Supp. 2008) ("'Misdemeanor' means an offense so designated by law or punishable by fine, by confinement in jail, or by both fine and confinement in jail."); BLACK'S LAW DICTIONARY 402 (8th ed. 2004) (defining the term "criminal," when used as an adjective, as "[h]aving the character of a crime; in the nature of a crime [or] [c]onnected with the administration of penal justice <the criminal courts>"); *id.* at 228 (defining the term "case," to mean "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity"). Thus, the phrase "statutory county court judges trying criminal cases" in section 76.002(a) is sufficiently broad to include those judges with criminal jurisdiction limited to misdemeanors.

In addition, nothing in the text of section 76.002(a) excludes a statutory county court judge who is trying criminal cases but who has criminal jurisdiction over only misdemeanor cases. *See HEB Ministries, Inc. v. Tex. Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 658 (Tex. 2007) (explaining that when construing a statute, a court "cannot create exceptions where none appears to exist"); *Pub. Util. Comm'n v. Cofer*, 754 S.W.2d 121, 124 (Tex. 1988) ("A court may not write special exceptions into a statute so as to make it inapplicable under certain circumstances not mentioned in the statute."). Finally, we find nothing in the context of chapter 76 or the legislative history of section 76.002(a) indicating that the Legislature intended to exclude statutory county court judges that try only misdemeanor cases from the group of judges set out in section 76.002(a). *See, e.g.*, HOUSE RESEARCH ORG., BILL ANALYSIS, Tex. H.B. 1326, 79th Leg., R.S. (2005) at 2 ("Statutory county court judges would [under CSHB 1326] share [community supervision and correction department] duties with district court judges."). In sum, we think it likely that a court would construe section 76.002(a) to include a statutory county court judge with only misdemeanor jurisdiction who is trying criminal cases in the county or counties served by the judicial district.

## S U M M A R Y

The judge of a statutory county court who is trying criminal cases in the county or counties served by the judicial district and who has jurisdiction over only misdemeanor cases is likely among the group of judges described in Government Code section 76.002(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee